1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona
   REESE V. BOSTWICK
3  Arizona State Bar No.  009934
   Assistant U.S. Attorney
4  405 West Congress Street, Suite 4800
   Tucson, Arizona 85701-5040
5  Telephone:  (520) 620-7300
   reese.bostwick@usdoj.gov
6  Attorneys for Plaintiff

7

8                      UNITED STATES DISTRICT COURT

9                          DISTRICT OF ARIZONA

10   United States of America,

11              Plaintiff,                        CR 10-198 TUC DCB (CRP)
                    v.
12                                          **GOVERNMENT'S APPLICATION
                                              FOR ORDER REGARDING
     DOUGLAS RAY WILLISON,                    CRIMINAL FORFEITURE OF
13                                            PROPERTY IN GOVERNMENT
                Defendant.                          CUSTODY**
14

15       Plaintiff, United States of America, by and through its attorneys, Dennis K. Burke, United

16   States Attorney for the District of Arizona, and Reese V. Bostwick, Assistant U.S. Attorney,

17   hereby moves for an order allowing the Government to maintain custody of property already in

18   the Government's possession pending the resolution of a criminal forfeiture matter.  In support

19   of its motion, the Government states the following:

20       On August 8, 2009, agents of the Drug Enforcement Agency (DEA) seized a 2006 Mercedes

21   Benz R-500, VIN 4JGCB75EX6A019061 ("the seized asset") for the purpose of initiating civil

22   forfeiture proceedings.  In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice to the

23   Defendant of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding, and

24   caused that notice to be published in a newspaper of general circulation.

25       On November 4, 2009, Defendant filed a claim contesting the administrative forfeiture

26   pursuant to 18 U.S.C. § 983(a)(2).  Consequently, pursuant to 18 U.S.C. § 983(a)(3), the United

27   States had 90 days in which to 1) return the property to the Defendant, 2) commence a civil

28   judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized

1    assets in a criminal indictment or information.  On January 29, 2010, the Government elected

2    the third option when it added the seized asset to the  Indictment which was filed August 20,

3    2009 and contained a forfeiture allegation.  That Indictment is now pending in this Court.

4        18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option,

5    it must "take the steps necessary to preserve its right to maintain custody of the property as

6    provided in the applicable criminal forfeiture statute."  The applicable forfeiture statute in this

7    case is 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the

8    purpose of criminal forfeiture.

9        Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like

10   this one, where the property in question is already in Government custody, it is not appropriate

11   for a court to issue a seizure warrant directing the Government to seize property from itself.  *See*

12   *In Re: 2000 White Mercedes ML 320*, 220 F. Supp.2d 1322 (M.D. Fla. 2001)  (if property is

13   already in Government custody, no § 853(f) seizure warrant can be issued, as an order under

14   § 853(e) would be sufficient to preserve the property).

15       Second, Section 853(e) authorizes the court to issue a restraining order or an injunction to

16   preserve the property for forfeiture.  Again, as courts have pointed out, it is unnecessary to issue

17   an order enjoining the Government from disposing of property that the Government has taken

18   into its custody for the purpose of forfeiture, and that the Government has represented it will

19   preserve for that purpose through the conclusion of the pending criminal case.  *Id.*

20       Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the

21   availability of property" subject to forfeiture.  One court has suggested that this provision is the

22   one that should be invoked when the Government seeks to comply with Section

23   983(a)(3)(B)(ii)(II). *Id.* at 1326, n.5 (noting that Section 853(e)(1) was not limited to injunctions

24   and restraining orders, and suggesting that "there might be some order short of an injunction or

25   restraining order that will assure the availability of the property subject to forfeiture" when it is

26   already in Government custody).

27

28                                                    2

1    In this case, the seized asset is already in Government custody and the Government has

2 represented to the court that it intends to preserve the asset for the purpose of forfeiture through

3 the conclusion of the pending criminal case.  Neither a seizure warrant under § 853(f) nor a

4 restraining order or injunction under § 853(e) is required to preserve the property for forfeiture.

5 Rather, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an Order from this

6 Court stating that the United States and its agencies, including DEA and/or the United States

7 Marshals Service, may continue to maintain custody of the seized asset until the conclusion of

8 the criminal forfeiture action.

9    WHEREFORE, pursuant to Section 853(e)(1), the United States respectfully moves this

10 court to issue an order directing that the United States may maintain custody of the seized asset

11 through the conclusion of the pending criminal case, and stating that such order satisfies the

12 requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

13    Respectfully submitted this 10th day of February, 2010.

14                                    DENNIS K. BURKE
                                     United States Attorney
15                                    District of Arizona

16                                    *s/ Reese V. Boswick*

17                                    REESE V. BOSTWICK
                                     Assistant U.S. Attorney
18

19

20

21

22

23

24

25

26

27

28                                            3